INHABITANTS OF ATHENS *versus* WARE & *als.*

A bond given to obtain release from an arrest made by the collector of taxes must run to the assessors of the town and not to the inhabitants.

Yet a bond running to the inhabitants of a town is good at common law.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding. DEBT upon a bond.

The defendant pleaded the general issue, and alleged by brief statement, that the bond was made under duress.

The defendant was arrested by the collector of taxes for the town of Athens, for non-payment of taxes. To obtain his release he gave the usual bond, running however, to the inhabitants of Athens. The bond contained *inter alia* " The condition of the above obligation is such that whereas the above bounden John Ware has this day been arrested by Leonard Bradbury, a collector of taxes, for the said town of Athens, by virtue of a tax warrant, signed by the assessors of said town, and committed to said Bradbury," &c.

The plaintiffs rested their case upon the bond. The case was taken from the jury and submitted to the whole Court, with the right to draw all legal inferences and render such judgment as the law should require.

*Hutchinson & Abbott*, for defendants, argued —

1. That it did not appear, that the officer had any right to arrest the body of principal defendant.

2. That a bond running to the inhabitants of a town is not a compliance with R. S., c. 148, § 50.

*D. D. Stewart*, for plaintiffs, insisted —

1. That the bond admitted the legality of the arrest, and therefore the defendants are estopped to deny it. *Cordis* v. *Sager*, 14 Maine, 475; *Kavanagh* v. *Saunders*, 8 Maine, 422; *Whitefield* v. *Longfellow*, 13 Maine, 146.

2. That at any rate the bond was good at common law. *Hoxie* v. *Weston*, 19 Maine, 322.

There was another case between the same parties on a similar bond executed at a different time. Both were argued together and decided by the same opinion, drawn up by

SHEPLEY, C. J. — The suit is upon a bond executed by the defendants, to procure the release of the principal from an arrest, made by the collector of that town for the year 1851.

It is contended, that the bond was obtained by duress. The proof of this rests upon the defendants. They fail to prove, that the arrest was not lawfully made. The bond recites, that Ware had "been arrested by Leonard Bradbury, a collector of taxes for the said town of Athens, by virtue of tax warrants signed by the assessors of the town of Athens and committed to the said Leonard Bradbury on the sixth day of October, 1851."

Another objection is, that the bond should have been made to the assessors and not to the town.

It is provided by statute c. 148, § 50, that "for all purposes of notice and other proceedings relating to the discharge from arrest or imprisonment of the person taxed, the assessors of the town, plantation, or parish, by whom such warrant was issued, shall be regarded as the creditors." One of the proceedings to procure a discharge is the giving of an approved bond.

That such should be the construction may be inferred from the language used in the Act of 1835, c. 195, § 14, that such person "shall stand in the same relation to the assessors of the city, town, parish, or plantation, as the debtor shall to the creditor in this Act, and the same proceedings may be had." On revision of the statutes, the provision, that he should stand in the same relation was omitted, while that relating to the proceedings appears to have been retained as sufficient for the purpose.

Although the bond was not made in conformity to the provisions of the statute, it is good at common law. *Hoxie* v. *Weston*, 19 Maine, 322.

The plaintiffs are entitled to judgment for the penal sum, and execution will issue for the amount of the taxes, with interest thereon from the time of the arrest, and for the officer's fees.                    *Defendants defaulted.*

For like reasons a like judgment will be entered in the other case argued with this.